JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 21-2024 JGB (SPx) | Date | February 2, 2022 |
|---|---|---|---|
| Title | *Luis Sanchez v. National General Insurance Co., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 10); and (2) VACATING the February 7, 2022 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Luis Sanchez's motion to remand. ("Motion," Dkt. No. 10.) The Court finds this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in non-opposition to the Motion, the Court GRANTS the Motion. The February 7, 2022 hearing is VACATED.

### I.   BACKGROUND

On September 1, 2021, Mr. Sanchez commenced this action against Defendants National General Insurance Company ("National General") and Integon National Insurance Company ("Integon") in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1, Ex. 1 at 21–23.) On October 20, 2021, Mr. Sanchez filed a first amended complaint against National General, Integon, Freeway Insurance ("Freeway Insurance"), and Does 1 through 120 (collectively, "Defendants"). ("FAC," Dkt. No. 1, Ex. 1 at 8–20.) The FAC asserts four causes of action arising from car insurance policies Defendants issued to Mr. Sanchez: (1) breach of the implied covenant of good faith and fair dealing (bad faith); (2) unfair business practice in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (3) breach of contract; and (4) negligence. (See FAC.)

On December 2, 2021, National General and Integon filed a notice of removal. ("Notice of Removal," Dkt. No. 1.) Mr. Sanchez filed the Motion on December 29, 2021. (See Mot.) On December 31, 2021, National General and Integon filed a notice of non-opposition. ("Non-Opposition," Dkt. No. 11.)

## II. LEGAL STANDARD

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Serv., LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

Where an action is removed based on diversity, complete diversity must exist at the time of removal. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986). Complete diversity means "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Moreover, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). In the Ninth Circuit, the amount in controversy is assessed at the time of removal. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Though a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, when the amount in controversy is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 82 (2014).

## III. DISCUSSION

Mr. Sanchez moves to remand the action on the basis that Freeway Insurance is a California citizen such that complete diversity of citizenship does not exist. (See Mot.) National General and Integon agree and concede removal was in error. (See Non-Opp'n; "Stipulation," Dkt. No. 9.)

//
//

      The Court initially notes that the FAC, Notice of Removal, and the Motion do not state Mr. Sanchez's citizenship. However, based on the parties' position, the Court assumes that Mr. Sanchez is a California citizen. Accordingly, for complete diversity to exist, neither National General, Integon, or Freeway Insurance can hold California citizenship.

      The Court concludes that complete diversity of citizenship does not exist. Here, the FAC alleges that National General and Integon have their "principal place of business" in California. (FAC ¶ 1.) However, Defendants assert that National General and Integon are not California citizens; instead, National General is a corporation organized under the laws of Missouri, and Integon is a corporation organized under the laws of Connecticut. (Notice of Removal ¶¶ 8–10.) Even if Defendants' assertion is true, the parties do not dispute that Freeway Insurance is, like Mr. Sanchez, a California citizen. (Mot. at 3; Non-Opp'n at 1.) Accordingly, the Court lacks subject matter jurisdiction over the FAC and GRANTS the Motion.

## IV. CONCLUSION

      For the foregoing reasons, the Court GRANTS the Motion. The case is REMANDED to the Superior Court of California for the County of San Bernardino. The February 7, 2022 hearing is VACATED.

**IT IS SO ORDERED.**